**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Carl REYNOLDS, Defendant-Appellant.**

**No. 15-50048**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2017 **

Filed March 14, 2017

Jean-Claude Andre, Assistant U.S. Attorney, DOJ—Office of the U.S. Attorney, Los Angeles, CA, Robert J. Keenan, Assistant U.S. Attorney, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff-Appellee

---

** This Disposition Is Not Appropriate for Publication and Is Not Precedent Except as Provided By Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kurt David Hermansen, Esquire, Law Office of Kurt David Hermansen, San Diego, CA, for Defendant-Appellant

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

## MEMORANDUM **

John Carl Reynolds appeals from the district court's judgment and challenges the 51-month sentence imposed following his guilty-plea conviction for aiding and abetting and mail fraud, in violation of 18 U.S.C. §§ 2(a) and 1341. We dismiss in part and affirm in part.

Reynolds contends that the district court erred by applying a sentencing enhancement for his abuse of a position of trust under U.S.S.G. § 3B1.3. The government contends that this claim is barred by a valid appeal waiver. Reviewing de novo, we conclude that the provision of the appeal waiver stating that Reynolds waives the right to appeal "the procedures and calculations used to determine ... the sentence" unambiguously encompasses this claim. *See United States v. Harris,* 628 F.3d 1203, 1205-06 (9th Cir. 2011).

Reynolds next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Reynolds's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The high-end sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the nature of the offense and Reynolds's history of fraudulent behavior. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

**DISMISSED in part; AFFIRMED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.